D & L OIL STATION COMPANY, INCORPORATED, APPELLANT, v. EUGENE FOLTZER, RESPONDENT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *George F. Seymour, Jr.*

For the respondent, *Egan & Armstrong.*

The following opinion was prepared by former Mr. Justice Minturn, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

MINTURN, J.  The action was brought to recover certain moneys alleged to be due from the defendant to the plaintiff for goods and equipment sold to the defendant.

The testimony of the plaintiff showed that during the month of February, 1924, it erected and fitted out for the defendant, at the defendant's request, a type of building known as a gas and oil filling station, generally known as D & L Oil Station number 3.  The charge for this work and service was $2,139.18, which was entered in the plaintiff's accounts as a debit charge against the defendant, being designated as the building account, in order to distinguish it from the merchandise account.  In this latter account were entered all charges for goods which the plaintiff denominated merchandise, consisting of gasoline, oil, grease, and other articles of that nature which did not go to make up any part of the station building.

Defendant made various payments to the plaintiff on account of the total debit charge, until the whole amount of payments aggregated $2,050, leaving a balance of $89.18 appearing on the plaintiff's books as a debit charge against the defendant.

During the month of April, 1924, the plaintiff at the request of the defendant, furnished and installed on the premises of the gas station a second gasoline tank and pump, the total charge of which equipment was $541.08.  It was alleged that the entry slip covering this item was misplaced or mislaid, and consequently the same was not entered in the plaintiff's books until the audit of the plaintiff's books was had in January, 1926.

Sometime during the month of December, 1924, the plaintiff and the defendant met and discussed the amount of money due from the defendant to the plaintiff.  It appears in the testimony that the only account discussed by the parties was the merchandise account.  At that time it was concluded, according to the testimony, that the amount due from the defendant to the plaintiff was $558.60.  The defendant agreed to pay this amount, and subsequently the amount was paid by the defendant.

During the month of January, 1926, an audit of the plaintiff's books showed that there was the unpaid balance of $89.18 on the building account, and also the unentered amount of $541.08, representing the cost of the equipment and installation of the second gasoline tank and pump, for which the defendant received a bill from the plaintiff, amounting to $630.26, payment of which was refused.

Suit was brought for this amount, and the case was tried before the court and a jury, resulting in a verdict in favor of the defendant, from which verdict the plaintiff has taken this appeal.

During the trial it appeared from the testimony that the defendant discussed with the plaintiff at their meeting more than the merchandise account, and that the entire account between the parties was brought up for consideration. This, of course, presented a question of fact for the jury as to the credibility of the parties; and the verdict of the jury on that subject, fortified by testimony, is not, of course, a subject for review here.

The defendant, at the same meeting also, according to his testimony, claimed a credit for improper work and improper materials, which was also discussed and determined by the parties, and the amount thereof was agreed upon. It was agreed that upon payment of the total amount thus discussed, the entire obligation of the defendant, as it then existed, should be satisfied and discharged. The defendant claimed that this was tantamount to an accord and satisfaction and could not be attacked successfully by the plaintiff.

The trial court properly left that question to the jury, with the other questions of fact referred to, and their finding in favor of the defendant, with evidence to support it, is not reviewable here.

It is first contended by the plaintiff that the trial court erred in excluding certain so-called ledger sheets of the plaintiff from evidence. The party to whom the making of these ledger sheets was attributed, who it seems actually made the same, was not called as a witness; and we have concluded, therefore, that that objection is controlled by our decision in

*Diament* v. *Colloty*, 66 *N. J. L.* 295, in which it was held that such loose sheets could not be regarded as books of original entry, and that although they might be used by the witness who actually made them, for the purpose of refreshing his memory as to the details contained therein, they were not of themselves competent evidence of the facts therein contained, and were therefore properly excluded.

It is next contended by the plaintiff that the court erroneously denied the plaintiff's motion for a direction of a verdict. This contention is based upon the theory that there was no accord and satisfaction between the parties as to the amount of the defendant's indebtedness, because there was no meeting of the minds of the parties, neither of them being conscious of the fact that the claim for the installation of the second gasoline tank and pump was a part of the plaintiffs claim. If, as the plaintiff contends, the accord and satisfaction as a matter of fact embraced certain items which were inadvertently overlooked in the discussion of the account between the parties, the burden of showing that fact was upon the plaintiff as a part of its case, and the fact of its existence as well as its correctness would be for the jury to consider. *Castelli* v. *Jereissali*, 80 *N. J. L.* 295; *Decker* v. *Smith*, 88 *Id.* 630.

These questions simply present a debatable issue of fact, and therefore are for the jury to pass upon, and not for the court to assume as settled as the basis for the direction of a verdict. *Thibodeau* v. *Hamley*, 95 *N. J. L.* 180; *Goldfarb* v. *Phillipsburg Transit Co.*, 103 *Id.* 690.

It is finally contended, as a ground for reversal, that the court refused to charge certain requests submitted by the plaintiff. Our examination of the charge and of the requests submitted to the court leads us to conclude that the requests so far as they were proper were in effect charged by the court, and there was, therefore, no legal error in that respect. *Geyer* v. *Public Service Railway Co.*, 98 *N. J. L.* 470.

It is also to be observed that there was no legal exception taken by the plaintiff to the charge of the trial court in this respect, since it is the duty of counsel to call the attention

of the court to the specific matter which he desires to have charged, and which the court has refused to charge, in the general language submitted. A general exception to the court's charge will not suffice for that purpose. The court is entitled to have its mind specifically directed to the subject-matter of the request. In the case of *Goldfarb* v. *Phillipsburg Transit Co.*, *ubi supra*, this court held that "a general exception to a judicial charge, directed to all that was said respecting a subject-matter, assigning no reason for such challenge, and not pointing out any specific erroneous proposition, is insufficient." *Naugle* v. *McVoy*, 98 *N. J. L.* 137.

The matter submitted by the learned trial court illustrative of the hypothetical case of the housewife and the grocer, cannot be considered as prejudicial to the claim of either party to the suit, since it was injected entirely for the purpose of argument and illustration, and was within the province of the court for the purpose of directing the minds of the jurors to the practical matter of fact and status of the question involved in the case, and as such, where the court does not, as it did not in this instance, abuse its discretion in that regard, the similitude adopted for the purpose of illustration cannot be considered objectionable. In the case at bar we cannot observe that it was in anywise prejudicial to the claim of either of the parties to the matters in controversy, and therefore could not mislead the jury.

For the reasons advanced, the judgment appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.