LUTHER A. HARR. RECEIVER OF BANKERS TRUST COM-
PANY OF PHILADELPHIA, RESPONDENT, v. JOSIAH
E. DuBOIS, INDIVIDUALLY AND TRADING AS DuBOIS
LUMBER COMPANY, APPELLANT.

Submitted February 14, 1941—Decided April 25, 1941.

For the appellant, *Louis B. LeDuc*.

For the respondent, *Samuel P. Orlando*.

The opinion of the court was delivered by

BODINE, J.  A suit was brought to recover the amount due
on eighteen promissory notes.  All but two were abandoned
as barred by the statute of limitations.  There was a nonsuit
as to another and a judgment for the face amount of one note
upon which the following endorsement appeared:

| | | | |
|---|---|---|---|
| 8/18/31 | pd. on a/c—$500 |
| 12/7/31 | " " " — 250 |
| 4/8/32 | " " " — 100 |
| 4/14/32 | " " " — 100 |
| 9/20/32 | " " " — 100 |

The receiver's book of receipts showed merely that the first
payment was by a check on an Ocean City bank; the second
and third by checks on an Atlantic City bank; the fourth by
a check on the First National Bank of Blackwood, and there
was no description at all as to the last.  Payment to take a
note out of the statute must be proved to have been made by

the payor. When the note is barred, a statement made by the payee of payment is a self-serving declaration; otherwise, if the statute has not run. The endorsement of payment on the note was not sufficient to take the case out of the statute of limitations. *N. J. S. A.* 2:24-9-10. Similar statutes exist in England, Canada, and most of the states of the Union. The purpose is to save the creditor from the temptation to falsify the entry so as to save at least part of his debt. 5 *Wigmore,* § 1466.

The entries appearing in the records of the bank established nothing against the maker of the note. *Oberg* v. *Breen,* 50 *N. J. L.* 145. No witness called had any knowledge as to who made any of the payments upon the note. There was no evidence of a payment save the entries noted within six years of the commencement of the action. Legal proof of payment was required to take the note out of the statutory bar. *Christopher* v. *Wilkins,* 64 *N. J. Eq.* 354. Further, the entries in the receipt book, if they had been evidential, were not proved in any way. A witness who had not made the entries could not and did not refresh his recollection by examining the record because he had none. The person who made the entries, although available, was not called. *D. & L. Oil Station Co.* v. *Foltzer,* 105 *N. J. L.* 391; 144 *Atl. Rep.* 805.

All the notes, but possibly two, were barred by the statute of limitations. The attorney for the defunct bank, when approached for the purpose of securing an amicable settlement of the controversy, suggested that the amount of two notes be included in a financial statement to be submitted with an offer of compromise. The statement contained in the offer was not admissible in evidence. *Parker* v. *Butterworth,* 46 *N. J. L.* 244; *Richardson* v. *International Pottery Co.,* 63 *Id.* 248. A verdict should have been directed for the defendant.

The judgment will be reversed.

*For affirmance*—THE CHIEF JUSTICE, WELLS, JJ. 2.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.